UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SIMONS PIZZA & SUBS, LLC,

    Plaintiff,                                      CASE NO. 11-12470
                                               HON. LAWRENCE P. ZATKOFF

v.

CENTERPLATE, INC.,

    Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on June 9, 2011

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

This matter is before the Court on Plaintiff's Motion for Temporary Restraining Order (Docket #2), wherein Plaintiff asks the Court to enjoin Defendant from terminating a Subcontractor Agreement between the parties (the "Agreement"). The Agreement gave Plaintiff the right to operate its business of selling pizza, sandwiches, soft drinks and other items at Cobo Center, Detroit, Michigan. Plaintiff asserts that Defendant's motivation for terminating the Agreement at the close of business on June 8, 2011, is based on the race (black) of Plaintiff's principal owners, in violation of 42 U.S.C. § 1981.

**I. LEGAL STANDARD**

A court is to consider the following four factors in determining whether a plaintiff is entitled to a temporary restraining order or other preliminary injunctive relief:

    (1)    whether the movant has shown a strong or substantial likelihood or probability of success on the merits;

    (2)    whether the movant has shown that he or she would suffer irreparable harm if the preliminary relief is not issued;

    (3)    whether the issuance of a preliminary injunction will not cause substantial harm to

>   third parties; and
>
> (4) whether the public interest would be served by the issuance of a preliminary injunction.

*Sandison v. Michigan High School Athletic Association, Inc.*, 64 F.3d 1026, 1030 (6th Cir. 1995); *UASCO Coal Co. v. Carbomin Energy, Inc.*, 689 F.2d 94, 98 (6th Cir. 1982); *Mason County Med. Ass'n v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977). The standard for preliminary injunction is not a rigid and comprehensive test, and the four factors are to be balanced, not prerequisites that must be satisfied, but instead "these factors simply guide the discretion of the court; they are not meant to be rigid and unbending requirements." *In re Eagle-Picher Indus., Inc.* 963 F.2d 855, 859 (6th Cir. 1992).

## II. FINDINGS OF THE COURT

The Court has reviewed the Plaintiff's Motion and brief in support of the Motion and the exhibit Plaintiff has submitted in conjunction with the Motion. Following that review, the Court finds that Plaintiff has not satisfied its burden to require this Court to grant Plaintiff's request for a Temporary Restraining Order.

First, Plaintiff has not demonstrated that it is likely to prevail on the merits, at least insofar as Plaintiff seeks to prohibit Defendant from terminating the Agreement.[1] As set forth in Plaintiff's Motion, the Agreement has a specified term of June 9, 2010 to June 8, 2011. Plaintiff has not alleged that the Agreement automatically renews or that Defendant is otherwise obligated to continue to allow Plaintiff to operate its business at Cobo Center. Further, Plaintiff has not provided a copy of the Agreement to the Court, nor directed the Court to any provision of the Agreement pursuant to which Plaintiff has a right to operate its business at Cobo Center after June 8, 2011. Therefore, the Court finds that Plaintiff has failed to establish a likelihood that it has a legal right

---

[1] Plaintiff's request for a Court order enjoining the termination of the Agreement is the only equitable relief sought by Plaintiff. Any relief sought for racial discrimination/harassment by Defendant against Plaintiff is compensable by monetary damages.

to continue operating its business at Cobo Center after June 8, 2011.

Second, Plaintiff has made no showing that Plaintiff will be immediately and irreparably harmed if Defendant terminates (does not renew) the Agreement upon its expiration. Plaintiff argues that an interruption of the business would result in lost customer base, good will and/or business reputation. Plaintiff, however, has conducted business in the same location for twenty years, including pursuant to the Agreement entered into with Defendant for the last year. Thus, damages are determinable and can provide adequate relief for any lost profits suffered by Plaintiff.

Third, Plaintiff failed to address the issue of posting security, as required by Federal Rule of Civil Procedure 65(c). In fact, other than a single reference to Rule 65(b) and the conclusory allegation that Defendant violated 42 U.S.C. § 1981, Plaintiff failed to set forth any law in support of its Motion.

Accordingly, and for the reasons set forth above, the Court concludes that Plaintiff's Motion for a Temporary Restraining Order must be denied.

### III.  CONCLUSION

Accordingly, and for the reasons set forth above, the Court hereby ORDERS that Plaintiff's Motion for a Temporary Restraining Order (Docket #2) is DENIED.

The Court further ORDERS Defendant to file a response to Plaintiff's Motion for Temporary Restraining Order within five business days after the date upon which Defendant is served.

IT IS SO ORDERED.


        S/Lawrence P. Zatkoff
        LAWRENCE P. ZATKOFF
        UNITED STATES DISTRICT JUDGE

Dated:  June 9, 2011

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 9, 2011.

S/Marie E. Verlinde
Case Manager
(810) 984-3290