**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SIMONS PIZZA & SUBS, LLC,

               Plaintiff/Counter-Defendant,            CASE NO. 11-12470
                                                 HON. LAWRENCE P. ZATKOFF

v.

CENTERPLATE, INC.,

               Defendant/Counter-Plaintiff.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on the 20TH day of April, 2012

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on Plaintiff/Counter-Defendant's (hereinafter, "Plaintiff")

Motion to Dismiss (Docket #18), wherein Plaintiff seeks to dismiss Defendant/Counter-Plaintiff's

("Defendant") Counterclaim. Defendant has filed a response, and the time within which Plaintiff

could file a reply has expired. The Court finds that the facts and legal arguments pertinent to the

Motion is adequately presented in the parties' papers, and the decision process will not be aided by

oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(f)(2), it is hereby ORDERED that

the Motion be resolved on the briefs submitted by the parties, without this Court entertaining oral

arguments. For the reasons that follow, Plaintiff's Motion to Dismiss is DENIED.

## II. BACKGROUND

Plaintiff, a Michigan limited liability company, has operated a pizza business in Detroit's Cobo Center since the 1970s. Defendant, a Delaware corporation, "is a good service provider to professional athletic teams, convention centers, and large scale professional events." In 2010, Defendant took over the management of concessions at the Cobo Center. At the time, Plaintiff was facing a substantial increase in rent and, in lieu of this substantial rent increase, Plaintiff agreed to provide the Defendant with a percentage of profits pursuant to a Subcontractor Agreement ("Agreement") signed on June 9, 2010, with an expiration date of June 8, 2011. The Agreement contained a confidentiality clause that prohibited either party from disclosing the terms of the Agreement, except as mutually agreed or as required by law.

In September 2010, Plaintiff allegedly went to a Detroit City Council meeting to complain about Defendant's treatment of Plaintiff and called Defendant racist at that meeting. On May 5, 2011, Defendant notified Plaintiff that the Agreement would not be renewed upon its expiration. On June 7, 2011, Plaintiff filed the instant lawsuit alleging that Defendant racially discriminated against Plaintiff during the term of the Agreement and terminated (failed to renew) the Agreement because the members of Plaintiff are African American, all in violation of 42 U.S.C. §1981. Defendant filed an answer and affirmative defenses to Plaintiff's complaint. Defendant also filed a counterclaim, alleging that Plaintiff breached the confidentiality clause contained in the Agreement.

In its Motion to Dismiss, Plaintiff argues that Defendant's counterclaim should be dismissed because: (1) the counterclaim does not arise out of the same case or controversy as the underlying circumstances of Plaintiff's complaint, and (2) "the case is extremely complex, involving the role of a contractual clause when dealing with government entities."

2

# III.  APPLICABLE LAW

**A.     28 U.S.C. §1367**

This Court's authority regarding supplemental jurisdiction is set forth at 28 U.S.C. §1367,

which provides, in relevant part:

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.
>
> * * * * *
>
> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
>
>> (1) the claim raises a novel or complex issue of State law,
>>
>> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>>
>> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>>
>> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. . . .

**B.     28 U.S.C. §1332**

Pursuant to 28 U.S.C. §1332:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
>> (1) citizens of different States; . . .

# IV.  ANALYSIS

Plaintiff argues that this Court should not exercise supplemental jurisdiction over

Defendant's counterclaim because Defendant's breach of contract claim does not arise out of the

3

same transaction or occurrence as Plaintiff's race discrimination claim.  Plaintiff contends that Defendant's breach of contract claim belongs in Wayne County Circuit Court. The Court disagrees.

First, although Plaintiff has filed a race discrimination claim, one basis for Plaintiff's complaint–and one of the forms of the relief requested by Plaintiff–centers on Defendant's failure to renew the Agreement.  Defendant's answers and defenses to Plaintiff's complaint indicate that Defendant's decision not to renew the Agreement was based, at least in part, on Plaintiff's breach of the terms of the Agreement.  As such, the Court finds that the terms of the Agreement–and the Agreement itself–are at issue and therefore relevant with respect to litigating Plaintiff's race discrimination claim.  Thus, the Court finds that 28 U.S.C. §1367(a) provides the Court with supplemental jurisdiction over the matters raised by the breach of contract claim brought by Defendant.

Second, contrary to Plaintiff's contention, a breach of contract claim under Michigan law does not raise a novel or complex issue of state law.  This is true even if there are governmental entities involved, though the Court notes that none of the parties to the Agreement is a governmental entity.  In addition, the Court finds that: (1) the breach of contract claim will not substantially predominate over the race discrimination claim (which remains before this Court), and (2) there are no exceptional circumstances that create compelling reasons for declining jurisdiction.  Accordingly, the Court finds no reason to decline to exercise supplemental jurisdiction over Defendant's counterclaim pursuant to 28 U.S.C. §1367(c).

Third, the parties in this action are citizens of different states.  Although neither Plaintiff nor Defendant identified the amount in controversy in relation to Plaintiff's complaint or Defendant's counterclaim, the Court finds that the amount in controversy exceeds $75,000 with respect to each

4

of: (a) the potential damages to Plaintiff with respect to the matters at issue and relief requested in Plaintiff's complaint, and (b) the potential damages to Defendant with respect to the matters at issue and relief requested in Defendant's counterclaim.  The Court therefore concludes that the Court would have original jurisdiction over Defendant's counterclaim, even if filed independently, pursuant to 28 U.S.C. §1332.

Accordingly, and for the reasons set forth above, the Court concludes that: (1) it has the authority to exercise supplemental jurisdiction over Defendant's counterclaim, and (2) it would be appropriate for the Court to exercise such supplemental jurisdiction in this case.  Therefore, the Court denies Plaintiff's Motion to Dismiss.


## IV.  CONCLUSION

Accordingly, and for the reasons set forth above, IT IS HEREBY ORDERED that Plaintiff's Motion to Dismiss (Docket #18) is DENIED.

IT IS SO ORDERED.


s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  April 20, 2012

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on April 20, 2012.

s/Marie E. Verlinde
Case Manager
(810) 984-3290